**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

875 THIRD AVENUE, 9TH FLOOR

NEW YORK, NEW YORK 10022

(212) 603-6300

FAX (212) 956-2164

November 23, 2011

Jennifer S. Smith
(212) 603-6332
jss@robinsonbrog.com

Via E-Filing and Hand Delivery[1]
The Honorable Denise L. Cote
United States District Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *Skanga Energy & Marine Ltd. v. Arevenca S.A., et al.*
                  Case No. 11-CV-4296 (DLC)

Dear Judge Cote:

      We represent Plaintiff Skanga Energy & Marine Ltd. ("Skanga") in the above-referenced action. We write in response to the Court's Order dated November 15, 2011, instructing Skanga to advise the Court on or before November 23, 2011 whether it will be amending its complaint.

      Skanga hereby advises the Court that it will amend its complaint, as directed, on or before December 2, 2011, to allege additional facts against Defendant PDVSA. We also wish to advise the Court of our intention to seek leave to take jurisdictional discovery, and should it become necessary, for a modification of the Court's order barring further amendments of the complaint, in the event that discovery yields grounds for additional claims.

      Specifically, Skanga intends to move for leave to take jurisdictional discovery from PDVSA, from co-defendant Arevenca, and from the New York banks to which Plaintiff deposited funds, Corp Banca and Citibank.[2] It is reasonable to expect that PDVSA will renew its motion to dismiss versus the amended complaint. However, most of the jurisdictional facts

---

[1] In compliance with the Court's Individual Practices, we are hand delivering the instant letter to the Court. In an abundance of caution, because submission of this letter is required by a Court Order entered on the public docket, it is also being e-filed.

[2] Skanga will meet and confer with PDVSA concerning the pre-answer discovery. However, Skanga must move for leave to take discovery from the non-party banks and from Arevenca, a co-defendant upon which service of process is pending in Venezuela.

relevant to that motion are in the exclusive possession of either PDVSA, Arevenca, or the parties' banks in New York. Rather than waiting for the anticipated motion to dismiss to be fully briefed, we respectfully submit that taking jurisdictional discovery at the outset would be the most efficient use of the Court's and the parties' resources.

Further, should additional facts come to light during jurisdictional or general discovery, we would also seek a modification of the Court's order denying future motions to amend the complaint. For example, the amended complaint will allege that Venezuela's trade consul to Nigeria expressly represented to Skanga that it was required to purchase petroleum products from PDVSA through agents such as Arevenca, and that Arevenca was in fact PDVSA's agent in the transaction at issue in this case. The trade consul also confirmed that certain shipping documents bearing PDVSA's corporate logo were authentic documents issued by PDVSA, justifying Skanga's payment of several million U.S. dollars to PDVSA through Arevenca. In a direct contradiction of these allegations, PDVSA claimed in its motion papers that it has never heard of its co-defendants and did not participate in the transaction in any way. Plainly, both assertions cannot be correct. If PDVSA were to produce affidavits or other discovery supporting its defense and proving the trade consul's representations to be false, Skanga would seek leave to amend its complaint to assert a cause of action for fraud against the Venezuelan trade consul, who has since been appointed Venezuela's ambassador to Nigeria.

Respectfully Submitted,

Jennifer S. Smith

cc: Lawrence H. Martin, Esq. (via email)
Marjorie E. Berman (via email)