**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKANGA ENERGY & MARINE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>AREVENCA S.A., PETRÓLEOS DE VENEZUELA S.A., and JAVIER GONZALEZ ALVAREZ<br>Defendants. | Case 1:11-cv-04296-DLC<br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL**

Lawrence H. Martin
Ronald E.M. Goodman
Vivek Krishnamurthy
FOLEY HOAG LLP
1875 K Street NW, Suite 800
Washington, DC 20006-1238
Telephone: 202-223-1200
Facsimile: 202-467-9672
Email: lhm@foleyhoag.com

Marjorie E. Berman
KRANTZ & BERMAN LLP
747 Third Avenue
32nd Floor
New York, New York 10017
Telephone: 212-661-0009
Facsimile: 212-355-5009
E-Mail: mberman@krantzberman.com

*Attorneys for Defendant Petróleos de Venezuela S.A.*

# TABLE OF CONTENTS

**Introduction ... 1**

**I. The Filing of PDVSA's Notice of Appeal Divested This Court of Jurisdiction ... 1**

**II. Even If This Court Retained Jurisdiction Over PDVSA, A Stay Would Still Be Appropriate ... 4**

# TABLE OF AUTHORITIES

## Cases

*Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) .................................................. 6

*Argentine Republic v. Amerada Hess*, 488 U.S. 428 ......................................................... 2

*Beaty v. Republic of Iraq*, 2007 U.S. Dist. LEXIS 28950, at *6 (D.D.C. 2007) ................ 3

*Compania Mexicana de Aviacion, S.A. v. United States Dist. Court*, 859 F.2d 1354, 1358 (9th Cir. 1988) .................................................................................................... 1

*Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990) .................................................................................................... 1

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 57 (1982).............................. 2

*Hirschfeld v. Board of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) ..... 4

*Kensington Int'l, Ltd. v. Itoua*, 505 F.3d 153 (2d Cir. 2007)............................................ 1

*O'Bryan v. Holy See*, 2008 U.S. Dist. LEXIS 85211, at *3 (W.D. Ky. 2008) ................... 3

*Princz v. Fed. Rep. of Germany*, 998 F.2d 1 (D.C. Cir. 1993) ...................................... 1, 3

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) 5

*Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748 (2d Cir. 1998) ............ 1

*Segni v. Commercial Office of Spain*, 816 F.2d 344, 347 (7th Cir. 1987).......................... 1

*Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)...................................................... 5

*Transatlantic Shiffahrtskontor Gmbh v. Shanghai Foreign Trade Corp.*, 204 F.3d 384, 387 (2d. Cir. 2000) .................................................................................................... 1

*Unger v. Palestinian Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005) .......................... 4

*Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1991) ..................................................... 4

## Statutes

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330(a), 1602-1611. ............................ 2

**Docket Sheets**

*Filler v. Hanvit Bank*, No. 01-cv-09510 (S.D.N.Y.)........................................................ 3

*Rogers v. Petroleo Brasileiro, S.A.* No. 09-cv-08227 (S.D.N.Y.)..................................... 3

*Transatlantic Shiffahrtskontor Gmbh v. Shanghai Foreign Trade Corp.*, No. 96-cv-02893 (S.D.N.Y.)........................................................................................................... 3

## Introduction

On July 16, 2012, Defendant Petróleos de Venezuela S.A. ("PDVSA") filed a notice of appeal from this Court's June 21, 2012 Opinion and Order denying its Motion to Dismiss Plaintiff's Amended Complaint on grounds of foreign sovereign immunity.

With the greatest respect, PDVSA submits that the filing of its notice of appeal divested this Court of jurisdiction over it on the merits during the pendency of its appeal. *See Princz v. Fed. Rep. of Germany*, 998 F.2d 1 (D.C. Cir. 1993) (holding that an appeal of a denial of sovereign immunity deprives the district court of jurisdiction, and "the district court *may not* proceed to trial until the appeal is resolved") (emphasis added). That being so, all proceedings against PDVSA are stayed by operation of law.

Even assuming *arguendo* that were not the case and the Court retains jurisdiction over PDVSA, an immediate stay of all proceedings would nonetheless be appropriate for the reasons stated below.

## I. The Filing of PDVSA's Notice of Appeal Divested This Court of Jurisdiction

Like other federal Courts of Appeal, the Second Circuit has long held that denials of motions to dismiss on grounds of foreign sovereign immunity are immediately appealable. *Transatlantic Shiffahrtskontor Gmbh v. Shanghai Foreign Trade Corp.*, 204 F.3d 384, 387 (2d. Cir. 2000); *Kensington Int'l, Ltd. v. Itoua*, 505 F.3d 153 (2d Cir. 2007).[1] In *Rein v. Socialist People's Libyan Arab Jamahiriya,* the Second Circuit explained why:

> [A]ppeal from final judgment cannot repair the damage that is caused by requiring the defendant to litigate. "[S]overeign immunity is an immunity from trial and the attendant burdens of litigation[.]" *Foremost-McKesson, Inc. v. Islamic Republic*

[1] *See, e.g., Segni v. Commercial Office of Spain*, 816 F.2d 344, 347 (7th Cir. 1987); *Compania Mexicana de Aviacion, S.A. v. United States Dist. Court*, 859 F.2d 1354, 1358 (9th Cir. 1988); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990).

> *of Iran,* 905 F.2d 438, 443 (D.C.Cir.1990) (quoting *Rush-Presbyterian-St. Luke's Med. Ctr. v. Hellenic Republic,* 877 F.2d 574, 576 n. 2 (7th Cir.1989)). A sovereign that is required to litigate a case on the merits before it can appeal the assertion of jurisdiction over it has not been afforded the benefit of the immunity to which it is entitled. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 145,* 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (making the same point in the context of the sovereign immunity of the states under the Eleventh Amendment).

162 F.3d 748, 756 (2d Cir. 1998) (Calabresi J.).

PDVSA's decision to exercise its right to appeal the denial of its sovereign immunity deprived this Court of jurisdiction over it with immediate effect. The Supreme Court has stated: "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 57 (1982). The issue on appeal here is whether the Amended Complaint adequately pleads a case against PDVSA sufficient to confer jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330(a), 1602-1611. ("FSIA"). Since the "FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country," *Argentine Republic v. Amerada Hess,* 488 U.S. 428, 442 (1989), the "aspect[] of the case involved in the appeal" is none other than the power of U.S. courts to exercise jurisdiction over PDVSA. *Griggs* at 57. As such, the filing of the notice of appeal divested the Court of jurisdiction over the merits of Plaintiff's case against PDVSA while the appeal remains pending.

The D.C. Circuit came to exactly this conclusion in *Princz,* 998 F.2d 1. There, the Court of Appeals was presented with an emergency motion to stay proceedings in the district court following the denial of Germany's motion to dismiss on grounds of foreign sovereign immunity. The D.C. Circuit (Ginsburg and Wald JJ) denied the motion to stay

as "unnecessary" because proceedings in the district court had already been stayed by operation of law. *Id.* The Court held: "Because an appeal properly pursued from the district court's order divests the district court of control over those aspects of the case on appeal, exclusive jurisdiction to resolve the threshold issue this case presents vests in this court, and the district court *may not* proceed to trial until the appeal is resolved." *Id.* (internal citations omitted; emphasis added). *See also Beaty v. Republic of Iraq*, 2007 U.S. Dist. LEXIS 28950, at *6 (D.D.C. 2007) ("The short answer is that all proceedings likely *must* be stayed because an appeal from the denial of a motion to dismiss on sovereign-immunity grounds -- which Iraq has already taken -- divests the district court of jurisdiction over the entire case.") (emphasis in original). The result must be the same here.

PDVSA has been unable to locate any case in the Second Circuit expressly adopting the rule stated in *Princz*. Nonetheless, the actual conduct of FSIA cases in this Circuit is consistent with that approach. It appears to be the standard practice in this District to hold proceedings on the merits against a foreign sovereign in abeyance once a notice of appeal has been filed. Three examples illustrate the point. The docket sheets in *Transatlantic Shiffahrtskontor Gmbh v. Shanghai Foreign Trade Corp.*, No. 96-cv-02893, *Filler v. Hanvit Bank*, No. 01-cv-09510, and *Rogers v. Petroleo Brasileiro, S.A.* No. 09-cv-08227, all reveal that no further proceedings took place in the District Court during the pendency of the foreign states' appeals of the denial of their motions to dismiss on grounds of foreign sovereign immunity.

Moreover, courts elsewhere have consistently adopted the same rule. *See, e.g.*, *O'Bryan v. Holy See*, 2008 U.S. Dist. LEXIS 85211, at *3 (W.D. Ky. 2008) ("[W]hile the

question of the Holy See's immunity from suit and discovery are pending before the Sixth Circuit, this Court is constrained from acting on Plaintiff's request [to depose the Pope]."); *Unger v. Palestinian Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005) (explaining that "such an appeal ordinarily divests the district court of jurisdiction to proceed with the litigation pending its resolution"). *See also Williams v. Brooks,* 996 F.2d 728, 730 (5th Cir. 1991) (holding that "the divestiture of jurisdiction occasioned by the filing of a timely notice of appeal is especially significant when the appeal is an interlocutory one on an immunity issue") (internal citations and quotations omitted).

For these reasons, PDVSA respectfully submits that the practical effect of the filing of its notice of appeal is twofold. *First,* it automatically stayed proceedings on the merits against PDVSA in this Court by operation of law until such time as the Second Circuit disposes of PDVSA's appeal. *Second*, it renders Plaintiff's July 20, 2012 Request to Enter Default a legal nullity to which no response is required.

## II. Even If This Court Retained Jurisdiction Over PDVSA, A Stay Would Still Be Appropriate

Assuming for the sake of argument only that this Court retains jurisdiction over PDVSA on the merits, a stay pending appeal would nonetheless remain very much appropriate.

In the Second Circuit, "four factors are considered before staying the actions of a lower court: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Board of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993). The Second Circuit has

explained that these four factors are "somewhat like a sliding scale," in that "more of one excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).

With respect to the first factor, PDVSA will unmistakably suffer irreparable injury absent a stay of proceedings. Not only will it be forced to bear the "attendant burdens of litigation" from which the collateral order doctrine is designed to protect it in the first place, it will also suffer harm to its dignitary interests as a foreign sovereign by being subject "to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *In re Ayers*, 123 U.S. 443, 505 (1887)). Such a deprivation of the rights to which PDVSA's sovereign immunity entitles it would be irremediable.

On the second factor, Plaintiff is unlikely to suffer any injury – let alone a substantial one – if proceedings before this Court are stayed. Given that Plaintiff waited five years following the accrual of its cause of action to serve PDVSA, and that it *still* has not served the primary perpetrators of the alleged fraud at issue in this case (Defendants Alvarez and his company, Arevenca), staying these proceedings during the comparatively brief interval of the appeal will do no harm to Skanga.

On the third factor, PDVSA believes that there is a substantial possibility that it will succeed on its appeal. To the best of PDVSA's knowledge, this is the first case in which the alleged statements of a nation's diplomat were deemed sufficient (at least as a pleading matter) to establish the actual authority of a private party to represent a wholly separate government-owned corporation. It is also the first case to present the issue of whether an indirect requirement to make payment into a New York bank account is a sufficiently "direct effect" in the United States to confer jurisdiction under the FSIA.

PDVSA believes there is a substantial possibility that it will prevail on one or both issues before the Second Circuit.

Finally, on the fourth factor, PDVSA believes that the public interest in avoiding duplicative, potentially unnecessary, judicial proceedings weighs heavily in favor of staying these proceedings while the Second Circuit hears PDVSA's appeal. As Judge Easterbrook explained in a case involving an appeal of a denial of qualified immunity, "[i]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

**Conclusion**

For all these reasons, an immediate stay of proceedings against Defendant PDVSA in this Court is both necessary and appropriate.

Respectfully submitted,

By: /s/ Lawrence H. Martin

Lawrence H. Martin
Ronald E.M. Goodman
Vivek Krishnamurthy
FOLEY HOAG LLP
1875 K Street NW, Suite 800
Washington, DC 20006-1238
Telephone: 202-223-1200
Facsimile: 202-467-9672
Email: lhm@foleyhoag.com

Marjorie E. Berman
KRANTZ & BERMAN LLP
747 Third Avenue
32nd Floor
New York, New York 10017
Telephone: 212-661-0009
Facsimile: 212-355-5009
E-Mail: mberman@krantzberman.com

*Attorneys for Defendant Petróleos de Venezuela S.A.*

Dated: July 27, 2011