UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKANGA ENERGY & MARINE LIMITED,

        Plaintiff,

v.

AREVENCA S.A., PETRÓLEOS DE VENEZUELA S.A., and JAVIER GONZALEZ ALVAREZ,

        Defendants.

11 CV 4296 (DLC)

AFFIDAVIT OF DAVID C. BURGER IN SUPPORT OF MOTION TO WITHDRAW

**DAVID C. BURGER**, being duly sworn, deposes and says:

1. I am of counsel to the law firm of Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), attorneys for plaintiff Skanga Energy & Marine Limited ("Skanga") in this action.

2. I submit this affidavit in support of Robinson Brog's motion to withdraw as counsel of record for Skanga, pursuant to Local Rule 1.4 and New York Rule of Professional Conduct 1.16(c)(1), (5) and (7), on the grounds that Skanga has failed to pay fees and expenses, and make appropriate provision for the payment of fees both to my firm and experts retained by my firm, and has failed to communicate directly with Robinson Brog which makes it unreasonably difficult for Robinson Brog to effectively represent Skanga's interests in this action.

3. By an Order, dated and filed in this action on October 14, 2011, this Court granted a motion filed by Robinson Brog to withdraw as counsel for Skanga. On October 28, 2011, this Court issued a "Memo Endorsed" copy of a letter, dated October 27, 2011 from my firm to the Court. The Memo Endorsed letter provided that any notice of appearance for my firm to once again appear as counsel for Skanga must be filed by November 4 and stated a schedule for opposition and reply papers with respect to a pre-answer dismissal motion then pending by

defendant Petroles de Venezuela S.A. ("PDVSA"). My firm re-appeared as counsel for Skanga and filed an amended complaint. PDVSA then filed a pre-answer dismissal motion as to the amended complaint and my firm filed extensive papers in opposition to that motion. My firm's opposition papers included two declarations by experts on foreign law.

4.  By an extensive twenty-six page Opinion and Order, dated June 20, 2012 and filed on June 21, 2012, this Court denied PDVSA's dismissal motion in its entirety ("Order").

5.  During the time that my firm's opposition papers were being prepared and filed, continuing to the time that the Order was entered, and further continuing now, my firm's continued representation of Skanga has been and is being severely impeded by matters including: (a) Skanga's non-payment of past billed, outstanding attorneys' fees and expenses owed to my firm in the amount of $114,024.48, including $9,000 in expert fees noted below, which were supported by regularly issued bills including detailed, itemized time entries;[1] (b) Skanga's failure to give _any_ adequate assurances of _any_ payment in the future; (c) Skanga's non-payment of $9,000 in expert fees for affidavits of Jose Bello and Anthony Brown Ikwueme submitted in opposition to PDVSA's dismissal motion when those experts were retained directly by my firm because time constraints on the opposition papers precluded obtaining retainer agreements signed on behalf of Skanga; (d) Skanga's failure to pay fees relating to the service of legal papers in connection with this action; and (e) the continued inability of my firm to have any adequate, direct communication with Skanga, with delayed and inadequate communications only relayed through a two lawyer law firm located in Mississippi.

6.  Since the commencement of this action in the Supreme Court of the State of New

---

[1] Due to the fact that itemized time entries include privileged information, the time entries are not being filed in the public record. In the event that the Court believes that it is necessary and appropriate to review the time records for the purpose of this motion, Robinson Brog would respectfully request that provision be made for them to be filed under seal and not be provided to defense counsel.

York, New York County, all communications and interaction with Skanga have been directed through Skanga's counsel in Mississippi, Olefemi Salu, Esq. of the Salu & Salu Law Firm, PLLC. Mr. Salu was admitted pro hac vice as co-counsel for Skanga while the action was pending in the Supreme Court of the State of New York. We understand that Mr. Salu will be moving for admission pro hac vice in this action under the auspices of new local counsel.

7. For these and other reasons, Robinson Brog has determined that it can no longer effectively represent Skanga in this action.

8. Currently, Skanga has an outstanding balance due to Robinson Brog for its legal services in excess of $114,000.00.

9. Plaintiff has failed and refused to pay Robinson Brog fees reasonably earned for legal services rendered, although demand for such payment has been made to Skanga on several occasions.

10. It therefore is respectfully submitted that, pursuant to Local Rule 1.4 and New York Rule of Professional Conduct 1.16(c)(1), (5) and (7), this Court should grant Robinson Brog's application to withdraw as counsel for Skanga.

_____
DAVID C. BURGER

Sworn to before me this
3rd day of August, 2012

_____
Notary Public
JOANNE BRENNAN
Notary Public, State of New York
No. 01BR6173507 Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Sept. 10, 20 15

3