UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKANGA ENERGY & MARINE LIMITED,<br><br>                      Plaintiff,<br>        v.<br><br>AREVENCA S.A., PETRÓLEOS DE VENEZUELA S.A., and JAVIER GONZALEZ ALVAREZ,<br><br>                      Defendants. | 11 CV 4296 (DLC) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL IN THIS ACTION

Robinson Brog Leinwand Greene Genovese & Gluck, P.C. ("Robinson Brog"), presently counsel of record for the Plaintiff in this action, moves pursuant to Local Civil Rule 1.4 and Rule 1.16(c)(1), (5) and (7) of the New York Rules of Professional Conduct, to withdraw from representing Skanga Energy & Marine Limited ("Skanga") as plaintiff in this action.

### STATEMENT OF FACTS

The Court is respectfully referred to the accompanying affidavit of David C. Burger, sworn to on August 3, 2012, for a statement of the facts relevant to the instant application.

### ARGUMENT

### THE MOTION TO WITHDRAW SHOULD BE GRANTED

Rule 1.16(c) of the New York Rules of Professional Conduct provides, in relevant part, as follows:

> "[A] lawyer may withdraw from representing a client when:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;...

> (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees;...
>
> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

**No Material Adverse Effect From Withdrawal Of Counsel**

There will be no material adverse effect to the Plaintiff by withdrawal of counsel at this time. In a twenty-six page Opinion & Order, dated June 20, 2012 and filed on June 21, 2012, this Court denied the pre-answer motion filed by Defendant Petróleos de Venezuela S.A. ("PDVSA") to dismiss Skanga's amended complaint ("Denial Order"). The Denial Order is the subject of an interlocutory appeal to the Court of Appeals for the Second Circuit that was filed on July 16, 2012. The only activity to date in the appeal is that counsel for PDVSA has appeared, a case manager has been assigned, and a CAMP conference has been scheduled for August 20, 2012.

In the instant action, on July 27, 2012, PDVSA filed a motion for a stay of proceedings pending appeal. That motion is currently pending.

The instant action thus is in a lull at the moment. Withdrawal of Robinson Brog as counsel for Skanga will have no material adverse effect. The record for appeal is closed so new counsel will simply need to learn and defend that record. Since the subject ruling was on a pre-answer dismissal motion, no discovery whatsoever has taken place in this action. New counsel will litigate this case from the beginning.

**Deliberate Disregard Of Payment Obligations**

The Burger Affidavit notes that there are four separate elements to Skanga's disregard of payment obligations.

In order to fully, and successfully, respond to PDVSA's dismissal motion, Robinson Brog obtained expert affidavits from Jose Bello and Anthony Brown Ikwueme. Due to the time constraints of the motion practice, Robinson Brog advanced the payment of those fees because waiting for payment from PDVSA would likely have precluded obtaining those affidavits in a timely fashion. Advancing payment of substantial expenses is contrary to the general practices of Robinson Brog, but an exception was nonetheless made in this case to benefit Skanga. Even after obtaining this Court's Denial Order, PDVSA has failed and refused to reimburse Robinson Brog for those advanced funds.

Skanga has also failed for an extended period to pay fees relating to the service of legal papers in connection with this action.

In addition, Skanga currently owes Robinson Brog past-billed fees and expenses in excess of $114,024.48.

Moreover, Skanga has failed to give any adequate assurances whatsoever of any payment in the future.

It has long and repeatedly been held that:

> "Where a client repudiates a reasonable fee arrangement there is no obligation on the part of counsel to finance the litigation or render gratuitous services." (citations omitted)

Holmes v. Y.J.A. Realty Corp., 128 A.D.2d 482, 483, 513 N.Y.S.2d 415 (1st Dep't 1987); Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 565, 570 N.Y.S.2d 677 (2d Dep't

3

1991) (same); Galvanao v. Galvanao, 193 A.D.2d 779, 780, 598 N.Y.S.2d 268 (2d Dep't 1993) (same).

Particularly under the circumstances of this case, in which Robinson Brog has advanced funds to pay for critical expert affidavits to defeat a pre-answer dismissal motion, and Skanga has failed to reimburse Robinson Brog for those funds, Robinson Brog should be permitted to immediately withdraw.

**Lack Of Cooperation In The Representation**

Lack of communication with a client can make it unreasonably difficult for a lawyer to represent the client effectively and can support the withdrawal of the attorney. Under such circumstances, the First Department reversed a denial of an attorney's motion to withdraw as counsel in a case. See Bok v. Werner, 9 A.D.3d 318, 780 N.Y.S.2d 332 (1st Dep't 2004).

Up to this point, effectively all communication between Robinson Brog and Skanga has been relayed through Mississippi counsel, and there is absolutely no indication that the situation will change. That has been an extremely difficult situation up until now, and would become impossible when this case enters the discovery stage.

## CONCLUSION

For all of the reasons stated above and in the accompanying Burger Affidavit, Robinson Brog should be permitted to withdraw as counsel for Plaintiff Skanga in this action.

Dated: New York, New York
       August 3, 2012

                                      **ROBINSON BROG LEINWAND GREENE**
                                      **GENOVESE & GLUCK P.C.**

                                        By: _____
                                           David C. Burger (DB-8666)
                                      **875 Third Avenue**
                                      **New York, New York 10022**
                                      **(212) 603-6300**
                                      **Withdrawing Counsel For Plaintiff**