```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SKANGA ENERGY & MARINE LIMITED,         :
                    Plaintiff,          :
                                        :    11 Civ. 4296 (DLC)
            -v-                         :
                                        :    MEMORANDUM OPINION
AREVENCA, S.A., PETROLÉOS DE VENEZUELA  :        & ORDER
S.A., and JAVIER GOZALEZ ALVAREZ,       :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

By letter dated May 21, 2013, the defendant Petróleos de Venezuela, S.A. ("PDVSA" or defendant) writes to inform the Court of the authorities that it believes shape the appropriate scope of discovery at this stage in the proceeding.  This letter follows a pretrial conference held on May 16, at which a schedule was set for the further conduct of pretrial proceedings in this case, including discovery pertaining to the merits of plaintiff's case.

In its May 21 letter, PDVSA contends that because it intends to challenge the factual basis for subject matter jurisdiction through a second motion to dismiss, "discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 176 (2d Cir. 1998) (citing Arriba Ltd. v. Petroleos Mexicanos, 962

F.2d 528, 534 (5th Cir. 1992)).  The defendant also attaches a proposed discovery plan to its letter.  The plan proposes a schedule for defendant's renewed motion to dismiss and discovery limited to the issue of agency.  On May 22, the plaintiff submitted a letter opposing PDVSA's proposed discovery plan.  In its letter, the plaintiff also indicates a willingness to "suspend" its proposed second amended complaint, which under the scheduling order currently in effect, is due May 31, 2013.

PDVSA's letter is construed as a request to stay merits discovery pending the resolution of its anticipated second motion to dismiss for lack of subject matter jurisdiction.  To properly address this request, it is useful to recount the procedural history that brings us to the present stage in this proceeding.  Skanga filed its original complaint in New York state court on July 21, 2008.  PDVSA removed the case to this Court pursuant to 28 U.S.C. § 1441(d) which permits removal of actions brought against foreign states as defined in the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. § 1603(a).

On August 16, 2011, PDVSA filed a motion to dismiss the complaint on the basis of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and other grounds.  By Order dated November 15, the plaintiff was given an opportunity to amend the complaint.  An amended complaint was subsequently filed on December 2.

The defendant filed a motion to dismiss the amended complaint on December 23. In its motion, the defendant argued that (1) the amended complaint did not adequately allege that PDVSA engaged in non-immune conduct because, in particular, it did not adequately allege an agency relationship between PDVSA and Arevenca; and (2) the "Commercial Activities" exception of the FSIA does not apply. An Opinion dated June 21, 2012, denied PDVSA's motion to dismiss, holding that Skanga adequately alleged an agency relationship between PDVSA and Arevenca and that PDVSA's actions caused a "direct effect" in the United States. The Opinion also concluded that dismissal was not warranted on forum non conveniens grounds. <u>Skanga Energy & Marine Ltd. v. Arevenca S.A. et al.</u>, 875 F.Supp.2d 264 (S.D.N.Y. 2012).

On July 16, 2012, PDVSA filed an interlocutory appeal of the June 21 Opinion. On July 27, PDVSA moved to stay the proceedings in this Court pending resolution of its appeal. By Order dated September 4, this Court entered the requested stay. On April 10, 2013, the Court of Appeals for the Second Circuit issued a Summary Order affirming this Court's June 21 Opinion.

On May 16, a conference was held to schedule the further conduct of pretrial proceedings in this case. At the conference, counsel for PDVSA expressed a desire to limit discovery to issues pertaining to the Court's subject matter

3

jurisdiction over the present action.  Counsel was advised that he could send a letter to the Court setting forth the authority for counsel's proposition that merits discovery must be stayed when a defendant seeks to file a renewed motion to dismiss for lack of subject matter jurisdiction on the ground that the defendant is immune from suit under the FSIA.  PDVSA's May 21 letter followed.

In its May 21 letter, PDVSA cites cases that make one or more of the following uncontroversial points.  In particular, the cases defendant cites stand for the propositions that (1) a challenge to a court's subject matter jurisdiction may be raised at any time; (2) a defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of subject matter jurisdiction, or both; and (3) principles of comity underlying the FSIA require a court to be circumspect in ordering discovery before the plaintiff has shown a reasonable basis for assuming jurisdiction.  None of the cases cited by PDVSA hold that, following a complete round of litigation on a motion to dismiss for lack of subject matter jurisdiction, and upon a defendant's filing of a renewed motion to dismiss for lack of subject matter jurisdiction, merits discovery must be stayed pending the resolution of the renewed motion to dismiss.  Accordingly, it is hereby

ORDERED that PDVSA's request to limit discovery to the issue of whether there is an agency relationship between PDVSA and Arevenca is denied.

IT IS FURTHER ORDERED that the schedule set forth in the May 16 Order remains in effect, including the plaintiff's obligation to file any second amended complaint no later than **May 31, 2013**. The parties are encouraged to expedite their discovery into facts underlying the Court's subject matter jurisdiction over the present action.

IT IS FURTHER ORDERED that the defendant may bring a renewed motion to dismiss for lack of subject matter jurisdiction at any time that it can represent that discovery on that issue has been completed.

SO ORDERED:

Dated:   New York, New York
         May 23, 2013

_____
DENISE COTE
United States District Judge