```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
SKANGA ENERGY & MARINE LIMITED,          :
                                         :
                    Plaintiff,           :     11 Civ. 4296 (DLC)
                                         :
          -v-                            :     MEMORANDUM OPINION
                                         :         & ORDER
AREVENCA, S.A., PETROLÉOS DE VENEZUELA   :
S.A., and JAVIER GOZALEZ ALVAREZ,        :
                                         :
                    Defendants.          :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

In an Order of May 19, 2014, Magistrate Judge Debra Freeman required the plaintiff Skanga Energy & Marine, Ltd. ("Skanga") to pay the defendant Petroléos de Venezuela, S.A. ("PDVSA") $5,420 to reimburse it for attorney's fees incurred in connection with its opposition to Skanga's unsuccessful motion for a protective order. Skanga has objected to the Order through a letter of May 28. PDVSA has responded in a letter of May 29. Skanga's objection is denied.

BACKGROUND

On February 4, 2014, Skanga moved for a protective order to bar discovery of Adebayo Osho ("Osho"), whom Skanga described as both its director and one of its attorneys. Judge Freeman denied the motion on February 25. Osho's deposition proceeded

on April 4, 2014.  The deposition was relatively short.  Osho described himself as an attorney for Skanga, as well as a director for the company and a shareholder in the company.  He was asked questions about, and had information on, topics that did not involve any inquiry into privileged communications with his client.[1]

Applying Rule 37(a)(5)(B), Fed. R. Civ. P., Judge Freeman awarded attorney's fees to PDVSA because she found that the Skanga motion for a protective order was not "substantially justified."  Reviewing the relevant submissions, including the transcript of the Osho deposition, Skanga's objection to the award is denied.

DISCUSSION

This Court's standard of review of a magistrate judge's non-dispositive order is governed by Rule 72(a), Fed. R. Civ. P.  That rule provides that

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . .  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[1] Skanga's counsel made numerous objections throughout the deposition, many of them asserting that the question sought privileged communications.  To respond to the present application, it is unnecessary to resolve which, if any, of the objections by Skanga's counsel during the deposition was proper.

Fed. R. Civ. P. 72(a).

Judge Freeman imposed attorney's fees pursuant to Rule 37(a)(5)(B), Fed. R. Civ. P.  That rule provides that if a motion for a protective order is denied, a court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

There is no basis on which to conclude that Judge Freeman's Order was erroneous, much less "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a).  Skanga presents no persuasive defense of its motion.  It has not shown or even suggested that PDVSA had threatened to depose Osho in order to obtain privileged information from him, whether such information is privileged under the law of Nigeria where Osho works, or the law of New York, where this litigation is occurring.  Without such a showing, Skanga had no reason to bring a motion for a protective order that would, if granted, have prevented PDVSA from obtaining relevant, non-privileged information from Osho.

CONCLUSION

Skanga's May 28 objection to Judge Freeman's May 19 Order awarding attorney's fees to PDVSA is denied.

SO ORDERED:

Dated:    New York, New York
          June 6, 2014

                                     _____
                                            DENISE COTE
                                     United States District Judge

4